IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 mj 05

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| NICHOLAS JAMES SMEDLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#21) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Mary Ellen Coleman, and the Government was present through AUSA Dan Bradley. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of information (#1) with larceny, in violation of 18 U.S.C. § 661 and destroying property, in violation of 36 CRF §

1

2.31(a)(3). Defendant was released on terms and conditions of prehearing release by the undersigned on January 30, 2017. One of the conditions of release included the following:

> (1) The defendant must not violate any federal, state or local law while on release.
>
> (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On May 23, 2017, Defendant's urinalysis yielded a positive result for his use of marijuana. Defendant admitted he had used marijuana approximately one week prior to the urinalysis.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

2

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed at least a state crime while on release. Defendant possessed marijuana so he could consume it which is at least a misdemeanor under state law. N.C.G.S. § 90-95(a)(3).

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required that he refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. Marijuana is a drug which is not prescribed by any licensed medical practitioners in this state.

Due to the findings made above, and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above

referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings.

Signed: June 7, 2017

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge